In the Matter of the Application of OLIVIA JETTINGHOFF, Appellant, for a Peremptory Writ of Mandamus against Honorable AARON J. LEVY, Justice of the Municipal Court of the City of New York, Respondent.

First Department, December 2, 1921.

Mandamus — not function of writ to direct justice how to adjudge — justice of Municipal Court of City of New York cannot be commanded by mandamus to declare void erroneous judgment inadvertently entered — remedy is by motion under Municipal Court Code, § 6, subd. 7, to correct form of judgment.

A writ of mandamus may be granted in a proper case to direct a justice to act, but he cannot be directed thereby how to adjudge.

Accordingly, where a justice of the Municipal Court of the City of New York, through inadvertence, permitted a judgment to be entered providing that plaintiff was entitled to recover from the defendant the amount involved instead of awarding judgment declaring that the plaintiff was entitled to the amount deposited in court, and thereafter entertained and

denied a motion by the defendant to have the judgment vacated, said justice cannot be commanded by mandamus to vacate the judgment and restore the case to the calendar for trial; the proper practice would be to apply to the justice of the Municipal Court under subdivision 7 of section 6 of the Municipal Court Code for an order correcting the form of the judgment and directing that the money on deposit be paid over to the plaintiff.

APPEAL by the petitioner, Olivia Jettinghoff, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of May, 1921, denying petitioner's motion for a writ of mandamus.

*Herman S. Hertwig* of counsel [*Everett, Clarke & Benedict,* attorneys], for the appellant.

*Henry J. Shields* of counsel [*John F. O'Brien, George P. Nicholson* and *Russell Lord Tarbox,* with him on the brief; *John P. O'Brien, Corporation Counsel*], for the respondent.

GREENBAUM, J.:

One Olga Gelbart brought an action in one of the districts of the Municipal Court of the City of New York against the New York Life Insurance Company to recover the proceeds of a policy on the life of Ethel Jettinghoff. An order was made interpleading Olivia Jettinghoff, who also asserted a claim against the insurance company upon the same policy, and substituting her as defendant in place of the New York Life Insurance Company upon payment into court by the insurance company of the amount due under the policy.

The case was tried on October 20, 1919, and time for rendering decision thereon was extended by consent of the parties from time to time until June 15, 1920, when judgment was rendered in favor of the plaintiff. Through inadvertence the judgment entered provided that the plaintiff was entitled to recover from the defendant the sum of $492.73, the amount involved, instead of awarding judgment declaring that the plaintiff was entitled to the amount deposited in court by the New York Life Insurance Company.

Of course there could be no money judgment against the defendant. It appears that the defendant's attorney did not

learn of the entry of the judgment until July 23, 1920, a date too late to enable defendant to take an appeal from the Municipal Court judgment. (Municipal Court Code [Laws of 1915, chap. 279], § 156.) The attorney for the defendant thereupon made a motion before the justice who tried the action for an order declaring the judgment null and void and vacating it. On April 4, 1921, an order was entered denying the motion. Defendant thereafter petitioned the Supreme Court at a Special Term thereof for a writ of mandamus that the Municipal Court justice before whom the action was tried be commanded to declare null and void and vacate the decision and judgment entered in the Municipal Court and to restore the case to the calendar for trial.

There does not appear to be the slightest legal ground for upholding the contention of the appellant. She made a motion before the trial justice to declare the judgment void. The justice did not decline to entertain jurisdiction to hear the motion, which was heard and denied. The petitioner now seeks to reverse the justice by commanding him to determine the motion contrary to the conclusion which he has reached. Of course, such is not the function of a mandamus, which in a proper case could only direct the justice to act, but could not direct him how to adjudge. As matter of law, the justice very properly denied the motion to annul the judgment. The proper practice would clearly have been, if applicant really desired it, to apply to the justice of the Municipal Court for an order correcting the form of the judgment, and directing that the money on deposit be paid over to the plaintiff. This course obviously was not pursued, because the petitioner sought a new trial and not a correction of the judgment. The learned Special Term justice who denied the motion for mandamus conditioned it with a provision that the plaintiff satisfy the judgment against the defendant, and it appears that this has already been done.

The applicant can now have no just grievance arising from the erroneous form of the judgment entered against her.

It may be stated incidentally that subdivision 7 of section 6 of the Municipal Court Code provides that the Municipal Court of the City of New York shall have jurisdiction to " vacate, amend, correct or modify any process, mandate,

judgment, order or final order, in furtherance of justice, for any error in form or substance."

The order appealed from is affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.